## MUSKINGUM WATERSHED CONSERVANCY DIST v HAYNES et al

(Twenty-seven cases)

Ohio Appeals, 5th Dist, Tuscarawas Co

Decided Feb 23, 1937

Wilkin, Fisher & Limbach, New Philadelphia, for appellee.

Franklin L. Maier, Massillon, John B. Hammersmith, Massillon and Merle D. Evans, Massillon for appellants.

## OPINION

By MONTGOMERY, J.

The appellants in these twenty-seven several actions are property owners entitled to compensation or damages, or both, as the result of their real estate being affected injuriously by the Muskingum Watershed Conservancy District project. The basis of the complaints of appellants is that the conservancy court established an incorrect rule for the assessment of compensation and damages to them. The question is stated by appellants in the following language:

"In the appropriation cases which §6828-34 GC, now insures to appellants, and which the conservancy court has ordered that they shall have, will the appellants be bound by the district's rule instead of the state law for determining compensation and damages for the flowage easements respectively sought to be appropriated?"

The record shows that the board of appraisers in making the appraisal and fixing compensation and damages for the various property owners affected had a uniform system or method and, as they stated, they took into consideration four factors, to wit: 1. The value of the land affected. 2. The normal revenue from the land affected. 3. The frequency of crop loss. 4. The rate of capitalization.

The record further shows that when the report of the appraisers came on for review before the conservancy court, that court approved the report and approved the method adopted by the appraisers.

From the action of the conservancy court, in approving and confirming the report of the appraisers, these several appeals were taken to this court. However, the conservancy court later granted the demands of these appellants and others for a jury trial, as authorized by §6828-34 GC, and ordered and directed the directors of the conservancy district to begin condemnation proceedings in the Courts of Common Pleas of the respective counties in which the lands to be condemned were situated, and to proceed according to law as to those appellants whose demands for a jury trial had been granted. The condemna-

tion proceedings affecting these appellants are now pending.

It is the view of this court that the rule adopted by the board of appraisers and by the conservancy court is not controlling or binding in the several ▮▮▮▮▮ condemnation proceedings. While the factors considered by the appraisers and approved by the conservancy court might well be taken into consideration, nevertheless, the real question to be submitted to the jury is the difference in the value of the property before and after the appropriation.

Sec 11053 GC, which governs the impaneling of a jury in an appropriation case, provides specifically that the jury shall be sworn to justly and impartially assess compensation, and in assessing damages ascertain how much less valuable the remaining portion of the property will be in consequence of the appropriation.

This statute was construed in the case of **Chesapeake & Hocking Ry Co v Snyder, 38 Oh Ap 279, 9 Abs 365, 175 N E 750,** and the court in its opinion on page 285 says:

"The measure of the plaintiff's recovery was, therefore, the difference between the value of the residue of his farm before it was appropriated and the value immediately after the appropriation, and its value immediately after the appropriation had to be determined after the jury had taken into consideration the most damaging situation that might result from the lawful improvements to be constructed."

We see no difference in the rule in an appropriation in a conservancy project, or any other project, where the appropriation is authorized, and the decisions of the Supreme Court in the several cases raised under the Miami District Conservancy Act inferentially so held.

Counsel on both sides in the instant case argue the effect of the decision of the Supreme Court in the case of **Miami Conservancy District v Ryan, 104 Oh St 79, 135 N E 282,** wherein it was held that the rules adopted by the board of appraisers, if reasonable, may not be disregarded in a hearing before the Common Pleas Court and a jury. However, the Ryan case had to do not with compensation and damages, but with benefits, and the Supreme Court held that it was essential that the assessments for benefits should be equal and uniform. The difference between establishing a uniform rule for the assessing of benefits upon people similarly affected, and

the assessment of compensation or damages, is readily apparent, because several tracts of land damaged would not be damaged in any uniform way.

We have heretofore in this opinion given our views as to the proper rule to be followed in the condemnation hearings before juries, not that it was essential that our views be given, but counsel have directly raised the point, and it may be well that these views should be known.

So far as the cases now before the court are concerned, there was no final order from which an appeal was perfected to this court. The rule and the findings of the appraisers and the conservancy court are binding upon such of the claimants as saw fit to be bound thereby, and upon them only. They are not binding upon such claimants as perfect an appeal to a jury as provided for by Section 34 under the Conservancy Act (§6828-34 GC), within which class all the appellants in these instant cases come. The appellants have elected not to be bound by the action of the lower court, but to have their cases submitted to a jury, and they are not, as we view it, concerned with the basis of computation fixed by the conservancy court for others not complaining.

See **Miami Conservancy District v Bowers, 100 Oh St 317, 319, 125 N E 876.**

In each of the twenty-seven cases now before us a motion was filed by the appellee to dismiss on the ground that this court is without jurisdiction to ▮▮▮▮▮ hear and determine the appeal, and that there is no error now presented for our consideration. In view of what we have heretofore said, we are of the opinion that these motions are well taken, and in each of these cases there may be an order sustaining the motion to dismiss the appeal.

Appeals dismissed.

SHERICK and LEMERT, JJ, concur.